IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01181-KLM

DARLENE MAE ROMERO,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court[1] on the parties' **Stipulation for Equal Access to Justice Act Attorney Fees** [#30][2] (the "Motion"). The Court entered Final Judgment [#27] in favor of Plaintiff on September 25, 2015. In the instant Motion, Plaintiff seeks $4,000.00 in attorneys' fees pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"). *Motion* [#30] at 1. Plaintiff's attorneys submitted Affidavits [#27-1, #27-2] in support of the specific amount requested.

    Under the EAJA, a party who prevails against the United States in court, including a successful Social Security benefits claimant, may be awarded fees if the position of the United States was not "substantially justified" and there are no special circumstances that make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S.

---

[1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See generally Consent Form* [#21].

[2] "[#30]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

789, 796 (2002). As ample case law indicates, where, as here, a Social Security disability claimant obtains a remand to the Commissioner under 42 U.S.C. § 405(g), she is a prevailing party for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Further, the Commissioner does not assert any special circumstances which would make an award of fees unjust. In addition, the Commissioner does not argue that her position was "substantially justified." As a result, and given the parties agreement, the Court finds that Plaintiff is entitled to EAJA fees.

Plaintiff seeks a total of $4,000.00 in attorneys' fees for 23.6 hours of work performed by her attorneys at an hourly rate of $188.93 per hour. *Aff. of Seckar* [#30-1] ¶¶ 7-8. Defendant does not dispute the reasonableness of the fees requested. To determine a reasonable fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The EAJA provides: "The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "The Court has significant discretion to determine the appropriate hourly rate for an award of fees under the EAJA." *Moreno-Gutierrez v. Napolitano*, No. 10-cv-00605-WJM-MEH, 2013 WL 3233574 at *7 (D. Colo. June 26, 2013) (citing *Headlee v. Bowen*, 869 F.2d 548, 551 (10th Cir. 1989)). This Court routinely grants cost of living

adjustments to attorneys' fees petitions under the EAJA.  *See id.* (finding that "an hourly rate of $180 per hour takes into account both Plaintiff's counsel's expertise in the immigration field and the increase in the cost of living"); *see also Gallegos v. Colvin*, No. 12-cv-02978-REB, 2014 WL 4968300, at *2 (D. Colo. Oct. 6, 2014) (awarding EAJA fees at hourly rate of $186.36 in case in which the "Commissioner presents no argument that the . . . fees requested are unreasonable."); *Hanson Colo. Farms P'ship v. Vilsack*, No. 11-cv-00675-RPM, 2012 WL 4336174 at *4 (D. Colo. Sept. 21, 2012) (where defendants did not dispute plaintiff's cost of living adjustment, "it may be assumed that $184.23 is an appropriate hourly rate under the EAJA"); *Cross v. Colvin*, No. 12-cv-03310-REB, 2014 WL 5002094 at *2 n.5 (D. Colo. Oct. 6, 2014) ("Except in unusual circumstances, a COLA should be freely given to plaintiffs applying for attorneys' fees under EAJA") (citation omitted).  Taking into account the hourly rate approved by this Court in similar cases and that fact that Defendant does not dispute Plaintiff's requested cost of living adjustment, the Court finds a rate of $188.93 to be reasonable.  The Court finds that the hours claimed are also reasonable.

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#30] is **GRANTED**.  Accordingly,

IT IS FURTHER **ORDERED** that Defendant shall pay Plaintiff **$4,000.00** in attorneys' fees under the EAJA.

Dated:  January 5, 2016

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge